NASH & ASSOCIATES, LLC
P.O. Box 65009
Baltimore, MD 21209

    Plaintiff in Interpleader

    v.

ALFRED GWYNN[1]
25 Sheraton Road
Randallstown, Maryland 21133


UNITED STATES OF AMERICA
(Department of Veterans Affairs)

    Serve On:
    United States Attorney General
    Department of Justice
    10th and Pennsylvania Avenue, NW
    Washington, DC 20530

    and

    Rod J. Rosenstein
    United States Attorney
    for the District of Maryland
    36 S. Charles Street, 4th Floor
    Baltimore, Maryland 21201

UNITED STATES OF AMERICA
(Defense Health Agency t/a TRICARE)

    Serve on:
    Department of Defense
    Office of General Counsel
    1600 Defense Pentagon
    Washington DC 20301-1600

    and

    Rod J. Rosenstein
    United States Attorney
    for the District of Maryland

IN THE

CIRCUIT COURT

FOR

BALTIMORE CITY

Case No. 24-C-13-008511

2014 FEB -6 AM 9: 13

CIVIL DIVISION

---

[1] Upon information and belief, Mr. Gwynn passed away on January 2, 2014. Once an Estate is opened and a Personal Representative is appointed, Plaintiff will amend the Complaint accordingly.

J:\3B090\Plead\INTPLEADER-Amended.Doc

36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

and

United States Attorney General
Department of Justice
10th and Pennsylvania Avenue, NW
Washington, DC 20530

and

AETNA LIFE INSURANCE COMPANY
151 Farmington Avenue
RT 21
Hartford, Connecticut 06156

Serve on:

State of Maryland
Employee Benefits Division
301 West Preston Street
Room 510
Baltimore, Maryland 21201

Defendants in Interpleader

## FIRST AMENDED COMPLAINT FOR INTERPLEADER

Nash & Associates, LLC, by and through its attorneys, R. Scott Krause, Erin A. Risch, and Eccleston and Wolf, P.C., pursuant to Maryland Rule 2-221 and Maryland Rule of Professional Conduct 1.15 files this Complaint for Interpleader against Alfred Gwynn, the

United States of America (Department of Veterans and TRICARE), and Aetna Life Insurance Company and states as follows:

### Parties, Jurisdiction, and Venue

1. Nash & Associates, LLC ("Nash") is a limited liability company organized under the laws of the State of Maryland with a mailing address of P.O. Box 65009, Baltimore, MD 21209.

2. Upon information and belief, Alfred Gwynn ("Gwynn") was a resident of the State of Maryland with a mailing address of 25 Sheraton Road, Randallstown, Maryland 21133. Upon information and belief, Mr. Gwynn passed away on January 2, 2014. Once an Estate is opened and a Personal Representative is appointed, Plaintiff will amend the Complaint accordingly.

3. Upon information and belief, the U.S. Department of Veterans Affairs ("VA") is the United States Government's military veteran benefit system. The Department of Veterans Affairs is a principal department of the State government with an Office of Regional Counsel located at 3900 Loch Raven Boulevard, Building 4, Baltimore, Maryland 21218.

4. Upon information and belief, Tricare is a health care program of the U.S. Government's Department of Defense Military Health System. Upon information and belief the U.S. Army claims service handles recovery services for Tricare and has a mailing address of 4217 Roberts Avenue, Fort Meade, Maryland 20755.

5. Upon information and belief, Aetna Life Insurance Company ("Aetna") is a private health care company. Upon information and belief, Aetna Life Insurance Company maintains its principal place of business at 151 Farmington Avenue, RT 21, Hartford, Connecticut, 06156.

6. This Court has personal jurisdiction over the parties pursuant to Maryland Code, Courts and Judicial Proceedings, §§ 6-102 and/or 6-103.

7. This Court has subject matter jurisdiction over this matter, as the amount in controversy exceeds the jurisdictional limit of the District Court of Maryland.

8. Venue is proper in Baltimore City pursuant to Maryland Code, Courts and Judicial Proceedings, § 6-201.

### Facts

9. This Interpleader involves the respective rights of Gwynn, the VA, Tricare, and Aetna to settlement funds held in escrow by Nash.

10. Nash represented Gwynn in connection with a claim for medical malpractice against Johns Hopkins Bayview Medical Center ("malpractice action").

11. The VA, Tricare and Aetna asserted medical liens in connection with payments that were made on behalf of Gwynn for medical treatment rendered in connection with the injury giving rise to the malpractice action.

12. Gwynn authorized settlement negotiations in connection with the malpractice action.

13. At the time of the settlement negotiations, the VA's lien totaled $665,188.39 and Tricare's lien totaled $132,874.47.

14. In connection with the proposed settlement, the VA agreed to reduce its lien to $172,780.44 and Tricare agreed to reduce its lien to $40,000.

15. Aetna's lien totaled $442.54.

16. Gwynn was advised of the amount of the liens and the reductions offered by the VA and Tricare as a compromise settlement.

4

17. On or about July 25, 2013, Gwynn authorized the final settlement of the malpractice claim with full knowledge of the outstanding lien amounts and the reductions being offered by the lienholders.

18. Nash subsequently received the settlement proceeds and deposited them into his attorney escrow account ("escrowed funds").

19. Subsequently, Gwynn directed Nash not to pay the funds to the lienholders.

20. Given the dispute, Nash is ethically unable to disburse the funds. *See*, Maryland Rule of Professional Conduct 1.15.

### Count I – Interpleader

21. Nash re-alleges and incorporates by reference those factual allegations in the preceding paragraphs as if set forth fully herein.

22. Pursuant to Maryland Rule 2-221(a), "An action for interpleader or in the nature of interpleader may be brought against two or more adverse claimants who claim or may claim to be entitled to property. . . . The complaint for interpleader shall specify the nature and value of the property and may be accompanied by payment or tender into court of the property."

23. This action involves a dispute between adverse claimants, namely Gwynn, the VA Tricare, and Aetna over distribution of the escrowed funds.

24. Nash is an impartial stakeholder with regard to the escrowed funds. There are conflicting claims with regard to the distribution of the escrowed funds. Nash is therefore asserting this Complaint for Interpleader with regard to the escrowed funds.

WHEREFORE, pursuant to Maryland Rule 2-221(b), Nash respectfully requests that this Court:

(a) Enter an Order requiring Gwynn, the VA, Tricare, Aetna and any other claimants to the escrowed funds, to interplead here and settle their respective rights and claims to the distribution of the escrowed funds;

(b) Enter an Order directing Nash to deposit the escrowed funds into the Court.

(b) Enter an Order discharging Nash from any further liability with regard to the escrowed funds and dismissing Nash as a party to this action.

(c) Enter an Order enjoining Gwynn, Tricare, the VA, and Aetna from bringing or prosecuting any actions against Nash with respect to the escrowed funds; and

(d) Award Nash its costs and reasonable attorney's fees from the escrowed funds as it has brought this action as an impartial stakeholder in good faith.

Respectfully submitted,

*[signature: Erin A. Risch]*

Erin A. Risch
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474
(410) 752-0611 (fax)
E-mail: erisch@ewmd.com
*Attorney for Nash & Associates, LLC*

*[signature: R. Scott Krause/SAR]*

R. Scott Krause
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474
(410) 752-0611 (fax)
E-mail: krause@ewmd.com
*Attorney for Nash & Associates, LLC*