

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF REGIONAL COUNSEL
3900 Loch Raven Boulevard
Building 4
Baltimore, Maryland 21218

410-605-7600 - Telephone
410-605-7699 - Facsimile

February 25, 2014

**Via First Class Mail**
Donald R. Huskey, Esq.
Law Offices of Donald R. Huskey, LLC
9419 Lyonswood Drive
Owings Mills, MD 21117

Re:  **ESTATE OF ALFRED P. GWYNN**

Dear Mr. Huskey:

Our office is in receipt of your letter dated February 12, 2014, requesting a "Reconsideration or Waiver or in the Alternative Notice of Disagreement with the Decision of VA Regional Counsel dated June 21, 2013." In your letter, you reference *de novo* review by a Decision Review Officer. It appears that you are referring to the processes pursuant to 38 C.F.R. § 20.201 which are applicable to veteran benefit claims, such as disability benefits decisions, survivor benefits decisions, et cetera. This matter, i.e., a reduction of a lien amount due and owing to the Department of Veterans Affairs (VA) is not a benefits decision to which 38 CFR 20.201 would be applicable.

Rather, in accordance with 42 U.S.C. § 2651, the United States has the right to recover (independent of the rights of the injured or diseased person) from a third party the reasonable value of care and treatment furnished by VA to a veteran. Additionally, per 38 C.F.R. § 2.6, our office and the Department of Justice have the exclusive discretion regarding compromise of the amount of lien at issue. Pursuant to that authority, this Office and the U.S. Department of Justice exercised that discretion in the case of Mr. Gwynn. VA and DOJ agreed to a compromise that significantly reduced its entitlement to recovery on the lien. Specifically, VA had a claim of $423,447 for the care received by Mr. Gwynn as a result of this incident, and VA compromised that it would receive only $172,780.44 of its claim. That compromise was agreed to by all parties. There is no administrative review of the lien reduction compromised amount, as the authority to compromise claims has been delegated to this Office and DOJ, and is not subject to any further administrative or judicial review. Accordingly, we ask that you honor the agreement that was made regarding the lien amount, regardless whether you persist in asserting a separate legal malpractice claim against Mr. Gwynn's previous attorney.

2.

Re:   **ESTATE OF ALFRED P. GWYNN**


Please call AUSA Jason Medinger at 410-209-4974 with any further questions or concerns.

*for:* JULIE R. ZIMMER
Staff Attorney
Office of the Regional Counsel