IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

NASH & ASSOCIATES, LLC,                  *

    Plaintiff,                           *

        v.                           *        CIVIL NO.: WDQ-14-0376

MAE F. GWYNN, *et al.*                    *

    Defendants.                          *

\*   \*   \*   \*   \*   \*        \*   \*   \*   \*   \*   \*
MEMORANDUM OPINION

Nash & Associates, LLC ("Nash") sought interpleader relief against Mae F. Gwynn ("Mrs. Gwynn"), as personal representative of the estate of Albert Gwynn ("Mr. Gwynn"), the Department of Veteran Affairs (the "VA"), and the Defense Health Agency trading as Tricare ("Tricare") regarding the distribution of settlement funds. ECF No. 2. Tricare and the VA removed to this Court. ECF No. 1. Pending are Mrs. Gwynn's motions to dismiss, ECF Nos. 11, 29, and the government's unopposed motion for summary judgment, ECF No. 31. No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the following reasons, the motion to dismiss for lack of jurisdiction and the motion for summary judgment will be denied, and the motion to dismiss as moot will be granted.

I.   Background[1]

Mr. Gwynn, a Vietnam veteran, received medical treatment for ulcers at Johns Hopkins Bayview Medical Center ("Johns Hopkins").  ECF Nos. 4 ¶ 10, 11-1 at 3, 12 at 2.  On April 29, 2010, he hired the Nash law firm to represent him in a medical malpractice claim against Johns Hopkins arising out of this treatment.  *See* ECF Nos. 4 ¶ 10, 20 at 3.  The VA, Tricare, and Aetna Life Insurance Company ("Aetna") asserted medical liens with respect to payments they made on Mr. Gwynn's behalf for that treatment.[2]  *See* ECF No. 4 ¶ 11.  The VA's lien was $665,188.39, Tricare's lien was $132,874.47, and Aetna's lien was $442.54.  *Id.* ¶ 13.

The parties began settlement negotiations.  *Id.* ¶ 12.  On June 21, 2013, the VA's Regional Counsel demanded reimbursement of $213,805.90 of Mr. Gwynn's medical expenses from any

---

[1] For a motion to dismiss for lack of subject matter jurisdiction, the court may look "beyond the pleadings" to the submitted evidence to determine if jurisdiction exists.  *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) *aff'd,* 85 F. App'x 960 (4th Cir. 2004).  The facts, as stated in the amended complaint and the parties' briefs and motions, are undisputed.

[2] The United States held medical liens pursuant to 42 U.S.C. § 2651(a), which provides that when "the United States is authorized or required by law to furnish or pay for hospital[ or] medical . . . care and treatment . . . to a person who is injured or suffers a disease . . . under circumstances creating a tort liability upon some third person . . . to pay damages therefor, the United States shall have a right to recover (independent of the rights of the injured or diseased person) from said third person . . . the reasonable value of the care and treatment so furnished . . . ."  *See* ECF No. 31 at 3.

settlement proceeds.  *See* ECF No. 12 at 1.  However, during negotiations with Nash, the VA subsequently agreed to reduce its lien to $172,780.44, and Tricare agreed to reduce its lien to $40,000.  ECF No. 4 ¶ 14.  On July 25, 2013, Gwynn, who had been informed of the VA's and Tricare's agreements to reduce their liens, authorized Nash to settle the malpractice claim for $800,000.  *See id.* ¶¶ 16-17; ECF No. 20 at 4.  Nash received the settlement proceeds and deposited them into an escrow account.  ECF No. 4 ¶ 18.  Mr. Gwynn then directed Nash not to pay the lienholders from those settlement proceeds.  *See id.* ¶ 19.

On December 23, 2013, Nash filed an interpleader action in the Circuit Court for Baltimore County against Aetna,[3] the VA, Tricare, and Mr. Gwynn[4] to determine the ownership of Mr. Gwynn's settlement funds held in Nash's escrow account, which the parties had previously agreed would be paid to the lienholders.  *See* ECF No. 2.  Nash asserted that it had no interest in the funds.  *See id.* ¶ 25.  On January 2, 2014, Mr. Gwynn died of prostate cancer.  ECF No. 12 at 2.  On February 6, 2014, Nash filed an amended complaint.  ECF No. 4.  On February 7, 2014, the VA and Tricare removed to this Court.  ECF No. 1.

---

[3] On March 11, 2014, the Court granted Nash's unopposed motion to dismiss Aetna, which had informed Nash that it did not intend to pursue any recovery from the interpled funds.  ECF Nos. 24, 27.

[4] On March 18, 2014, Mrs. Gwynn was substituted for Mr. Gwynn after she was appointed the personal representative of his estate.  *See* ECF Nos. 19 at 1; 27.

On February 12, 2014, Mrs. Gwynn wrote to the VA Office of Regional Counsel requesting reconsideration of the June 21, 2013 demand for reimbursement on grounds of Mrs. Gwynn's financial hardship and Nash's alleged errors in handling the malpractice claim.[5]  *See* ECF No. 12 at 2.  She requested that the VA waive the medical liens.  *See id*.  If the VA rejected her reconsideration request, she "requeste[d] a review *de novo* by a Decision Review Officer."  *Id*. at 3.  The same day, Mrs. Gwynn moved to dismiss the complaint, asserting that the Court lacked subject matter jurisdiction because "the case is still pending in the applicable administrative agency."  ECF No. 11 at 3.  On February 25, 2014, the VA responded to Mrs. Gwynn's request for reconsideration and informed her that the Regional Counsel and the Department of Justice ("DOJ") had exclusive discretion regarding compromising lien amounts, they would not reconsider their decision, and their decision was not subject to administrative or judicial review.  *See* ECF Nos. 20 at 5, 20-3 at 1.  Thus, Mrs. Gwynn had no further administrative remedies. *See* ECF No. 20-3 at 1.  On March 3, 2014, Nash opposed the motion to dismiss.  ECF No. 18.  On March 4, 2014, the government opposed the motion to dismiss.  ECF No. 20.

---

[5] Mrs. Gwynn noted that she has sued Nash for malpractice.  ECF No. 12 at 2.

On March 7, 2014, Mrs. Gwynn authorized payment of the medical liens from the escrow account to the VA and Tricare. ECF No. 26-1 at 1.  The same day, Mrs. Gwynn replied to the government's opposition to her motion to dismiss, requesting dismissal of the case on the basis that the dispute was moot following her authorization of payment.  ECF No. 26 at 2.

On April 3, 2014, pursuant to a Court order, Mrs. Gwynn moved for dismissal on mootness grounds.  ECF Nos. 27, 29.  On April 21, 2014, Nash opposed the motion, arguing that the dispute was not moot.  ECF No. 30.  On April 21, 2014, the government moved, unopposed, for summary judgment.  ECF No. 31.

## II.  Analysis

### A. Motion to Dismiss for Lack of Jurisdiction

#### 1. Legal Standard

Under Federal Rules of Civil Procedure 12(b)(1) and 12(h), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction.  The plaintiff has the burden of proving the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *See Khoury*, 268 F. Supp. 2d at 606.  In reviewing a Rule 12(b)(1) motion to dismiss, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in

5

fact subject matter jurisdiction exists.'"   *Id.* (*quoting Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993)).

>           2. Administrative Remedies

Mrs. Gwynn asserts that the interpleader action should be dismissed on jurisdictional grounds under Rule 12(b)(1), because her request for reconsideration of the VA's reimbursement demand was pending.  ECF Nos. 11, 12.  Nash opposes dismissal on grounds that "a mere dismissal . . . will leave the parties in the same unsettled situation" in which it will remain "in possession of funds" of a former client to which there are competing claims.  *See* ECF No. 18-1 at 2-3.  The government contends that dismissal is improper because the VA "has confirmed that no further administrative remedies exist."  ECF No. 20 at 2.

Generally, a claimant may not obtain judicial review of an administrative action until she exhausts her administrative remedies.  *See Thetford Properties IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.,* 907 F.2d 445, 448 (4th Cir. 1990) (*citing Meyers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50-51, 58 S. Ct. 459, 463-64, 82 L. Ed. 638 (1938)); *Rogers v. Burke,* 5:09-CV-68-FL, 2009 WL 8750064, at *2 (E.D.N.C. Nov. 3, 2009) *aff'd,* 379 F. App'x 290 (4th Cir. 2010).  However, as Mrs. Gwynn is not seeking judicial review of any administrative action in this Court, exhaustion is not required.  Instead, the doctrine

of "primary jurisdiction" applies.  When, as here, "a claim is
originally cognizable in the courts, and . . . enforcement of
the claim requires the resolution of issues which, under a
regulatory scheme, have been placed within the special
competence of an administrative body[, ] the judicial process is
suspended pending referral of such issues to the administrative
body for its views."[6]  Referral of the issue to an agency does
not deprive the Court of jurisdiction.  *See Reiter v. Cooper*,
507 U.S. 258, 268, 113 S. Ct. 1213, 1220, 122 L. Ed. 2d 604
(1993).

Under 38 C.F.R. § 2.6(e)(3), the VA's Regional Counsel and
the DOJ are granted exclusive authority "to collect in full,
compromise, settle, or waive" medical liens.  As indicated by
the VA's letter to Mrs. Gwynn, she has no administrative
remedies to obtain a further reduction or waiver of the VA's
liens.  *See* ECF No. 20-3 at 1.  Thus, even if referring the
issue to the VA and staying the judicial process would have been
appropriate, the VA has already issued a final decision on the
amount of its liens, and this case can proceed.  *Cf. United
States v. Philadelphia Nat. Bank*, 374 U.S. 321, 353, 83 S. Ct.

---

[6] *United States v. Radio Corp. of Am.*, 358 U.S. 334, 346, 79 S.
Ct. 457, 465, 3 L. Ed. 2d 354 (1959) (*quoting United States v.
W. Pac. R. Co.*, 352 U.S. 59, 64, 77 S. Ct. 161, 165, 1 L. Ed. 2d
126 (1956)); *see also Envtl. Tech. Council v. Sierra Club*, 98
F.3d 774, 789 (4th Cir. 1996) (Primary jurisdiction authorizes
district court to refer factual issues in "cases which require
the exercise of administrative discretion.").

2d915

1715, 1736, 10 L. Ed. 2d 915 (1963) (assuming primary
jurisdiction applied to merger-application proceedings before
banking agencies, "the present action would not be barred, for
the agency proceeding was completed before the antitrust action
was commenced"). Mrs. Gwynn's motion to dismiss will be denied.

B. Interpleader Action

"Interpleader is a procedural device that allows a
disinterested stakeholder to bring a single action joining two
or more adverse claimants to a single fund." *Sec. Ins. Co. of
Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th
Cir. 2002); *see also* Fed. R. Civ. P. 22(a)(1) ("Persons with
claims that may expose a plaintiff to double or multiple
liability may be joined as defendants and required to
interplead."). Interpleader is an equitable remedy that
"protect[s] the stakeholder from multiple, inconsistent
judgments and [] relieve[s] it of the obligation of determining
which claimant is entitled to the fund." *Arcade Textiles*, 40 F.
App'x at 769; *Equitable Life Assur. Soc'y of the U.S. v. Jones*,
679 F.2d 356, 358 n.2 (4th Cir. 1982).

An interpleader action involves two stages. During the
first stage, the court must determine if the stakeholder has
properly invoked interpleader. *United States v. High Tech.
Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (*citing* Charles
A. Wright, Arthur R. Miller, *et al.*, *Practice in Interpleader*

*Actions—In General*, 7 Fed. Prac. & Proc. Civ. § 1714 (3d ed.));
*Hartford Life & Acc. Ins. Co. v. King*, 7:11CV411, 2012 WL
5472036, at *4 (W.D. Va. Apr. 30, 2012).  During the second
stage, the Court determines the rights of the competing
claimants to the fund.  *See Rapid Settlements, Ltd. v. U.S. Fid.
& Guar. Co.*, 672 F. Supp. 2d 714, 717 (D. Md. 2009).

　　　　1. Stage 1: Propriety of Interpleader

　　　The propriety of interpleader depends on whether the
stakeholder "legitimately fears" multiple litigation over a
single fund. *High Tech.*, 497 F.3d at 642 (*citing* Wright & Miller
§ 1704); *ReliaStar Life Ins. Co. v. Lormand*, 3:10-CV-540, 2011
WL 900113, at *3 (E.D. Va. Mar. 11, 2011).  The Court considers
whether: (1) it has jurisdiction over the suit; (2) a single
fund is at issue; (3) there are adverse claimants to the fund;
(4) the stakeholder is actually threatened with multiple
liability; and (5) equitable concerns prevent the use of
interpleader. *See High Tech.*, 497 F.3d at 641; *Hartford*, 2012
WL 5472036, at *4.

　　　This action was removed by VA and Tricare--federal
agencies--under 28 U.S.C. § 1442(a)(1), which provides that the
"United States or any agency thereof" may remove a civil action
"commenced in a State court . . . to the district court of the
United States for the district and division embracing the place
wherein it is pending."  Section 1442(a) applies in interpleader

9

actions when one or more of the claimants is a federal agency. *See In re Monies on Deposit in Accounts at Stearns Bank Nat. Ass'n*, CIV.06-542(JRT/RLE), 2006 WL 2069281, at *2 (D. Minn. July 26, 2006); *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 710 (7th Cir. 1991). Accordingly, the Court has jurisdiction over this action. *See S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co., Inc.*, 608 F.2d 28, 35 (2d Cir. 1979) (Section 1442(a)(1) "confers jurisdiction as well as the right of removal.") (*citing Willingham v. Morg*an, 395 U.S. 402, 406, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969)).

Also, Mrs. Gwynn, the VA, and Tricare were adverse claimants when the interpleader complaint was filed,[7] because of their competing interests in Mr. Gwynn's settlement funds--which the VA and Tricare assert are subject to liens for medical payments made on Mr. Gwynn's behalf.[8] *See* ECF No. 4 ¶¶ 17-19, 23. These competing claims posed a risk to Nash--which has no interest in the funds--of multiple liabilities. *See id.* ¶ 24.

---

[7] "Subject matter jurisdiction must exist as of the time the action is commenced." *E.g.*, *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

[8] *See, e.g.*, *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 411, 417 (N.D. Tex. 2005) ("[T]o sustain an interpleader, [the stakeholder] is required only to prove the existence of adverse claimants who *could* attempt to claim these funds.") (internal punctuation and quotations omitted) (emphasis in original) (*quoted in Atwater v. Nortel Networks, Inc.*, 388 F. Supp. 2d 610, 616 (M.D.N.C. 2005)).

There are no apparent equitable concerns about the use of interpleader.  Thus, interpleader is proper.

2. Stage 2: Rights of Competing Claimants

Mrs. Gwynn asserts that the interpleader action should be dismissed as moot, because she has authorized Nash to pay the lienholders from the settlement fund, and there are no longer competing claims to the funds.[9]  ECF No. 29 at 2.  Although the government does not dispute Mrs. Gwynn's assertion that she has authorized payment of the funds to the lienholders, the government argues that the case is not moot "until the Court enters an order disposing of the interpleaded funds."  *See* ECF No. 31 at 1, 5.  To this end, the government requests summary judgment in its favor.  *See id.*  Nash also opposes the motion to dismiss on grounds that "[t]his matter should be resolved . . . by an Order of this Court directing the disbursement of the interpleader funds."  ECF No. 30 at 2.

Because there are no longer competing claims to the disputed funds, the parties' agreement as to the proper disposition of the funds has mooted the interpleader claim.  *See Prudential Ins. Co. of Am. v. Hovis*, 4:06-CV-2020, 2007 WL

---

[9] Nash asserts that, in response to Mrs. Gwynn's filing of this motion to dismiss, the parties attempted to negotiate a stipulation of dismissal but could not agree on the language. ECF No. 30 at 1-2.  After they could not reach agreement, Mrs. Gwynn requested that Nash respond to the motion to dismiss.  ECF No. 30-3.

3125084, at *2 (M.D. Pa. Oct. 23, 2007) *aff'd*, 553 F.3d 258 (3d Cir. 2009); *Grand Manor Health Related Facility, Inc. v. Hamilton Equities Inc.*, 941 F. Supp. 2d 406, 415-16 (S.D.N.Y. 2013). However, although "the claimants' . . . agreement eliminate[s] the Court's obligation to decide between them," the Court retains "jurisdiction to order disposition of the property in conformity with the claimants' agreement."[10] *See Truck-A-Tune, Inc. v. Re*, 23 F.3d 60, 62 (2d Cir. 1994); *Prudential*, 2007 WL 3125084, at *2 (ordering payment of disputed funds in accordance with settlement agreement even though interpleader claim was moot). The Court will grant Mrs. Gwynn's motion to dismiss, deny the government's motion for summary judgment as moot, and order Nash to pay the lienholders in accordance with the parties' agreement.[11]

III. Conclusion

For the reasons stated above, Mrs. Gwynn's motion to dismiss for lack of jurisdiction will be denied, Mrs. Gwynn's motion to dismiss as moot will be granted, the government's

---

[10] Nash also objects to the motion on grounds that it "has a claim for attorneys' fees incurred to pursue the claim." ECF No. 30 at 2. Nash may still seek attorneys' fees, even though the complaint is moot. *See Grand Manor*, 941 F. Supp. 2d at 416 n.10.

[11] Although the parties agreed on the proper resolution of this suit several months ago, the Court was required to resolve three pending motions to achieve this agreed-upon resolution. The Court strongly urges counsel to avoid a similar expenditure of judicial and financial resources in the future.

motion for summary judgment will be denied as moot, and Nash will be ordered to pay the disputed funds to the lienholders.


Date 7/10/14

William D. Quarles, Jr.
United States District Judge